**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FNU APRILLIVINI,<br><br>                Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>                Respondent. | No.   18-73443<br><br>Agency No. A205-779-831<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Fnu Aprillivini, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Zehatye v. Gonzlaes*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Aprillivini suffered in Indonesia, even considered cumulatively, did not rise to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive" (internal quotation marks and citations omitted)); *see also Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) (no past persecution where harm to others was not part of "a pattern of persecution closely tied to" petitioner (internal quotation marks and citation omitted)).  Substantial evidence also supports the agency's determination that Aprillivini failed to establish a well-founded fear of future persecution in Indonesia.  *See Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[F]ear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are *not* harmed." (internal quotation marks and citation omitted)); *Tampubolon v. Holder*, 610 F.3d 1056, 1062 (9th Cir. 2010) (a petitioner's membership in the disfavored group of Christian Indonesians is not sufficient by itself to meet the burden of proof and some evidence of individualized

risk is necessary for the petitioner to succeed).  We reject as unsupported by the record Aprillivini's contentions that the agency failed to consider her age or applied an incorrect legal standard when evaluating her claims for asylum.  Thus, Aprillivini's asylum claim fails.

In this case, because Aprillivini failed to establish eligibility for asylum, she failed to establish eligibility for withholding of removal.  *See Zehatye*, 453 F.3d at 1190.  Thus, Aprillivini's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Aprillivini failed to show it is more likely than not she will be tortured by or with the consent or acquiescence of the government if returned to Indonesia.  *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

**PETITION FOR REVIEW DENIED.**

18-73443